Jeffrey E. AKARD, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–0904–CR–345.

Court of Appeals of Indiana.

June 10, 2010.

Transfer Granted Sept. 9, 2010.

Timothy P. Broden, Lafayette, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

BAILEY, Judge.

Appellant–Defendant Jeffrey E. Akard filed a Petition for Rehearing of this Court's March 30, 2010 Opinion, increasing Akard's sentence pursuant to the requested Indiana Appellate Rule 7(B) review. We grant the Petition for Rehearing for the limited purpose of clarifying the characteristics of a Rule 7(B) review.

In appealing his ten convictions and corresponding sentences, Akard raised two evidentiary issues and contended that his aggregate sentence of 93 years was inappropriate. *Akard v. State*, 924 N.E.2d 202, 204 (Ind.Ct.App.2010). We affirmed the convictions. *Id.* at 212. As to Akard's aggregate sentence, he requested all of his sentences be run concurrently, decreasing the aggregate sentence to forty years. In performing the requested 7(B) review, we concluded that the aggregate sentence was inappropriate: it was not long enough for the heinous, violent acts Akard perpetrated on his victim. *Id.* at 209–12. Relying on the pronouncement in *McCullough v. State*, 900 N.E.2d 745 (Ind.2009), we revised Akard's aggregate sentence upward to "118 years imprisonment by ordering Counts I and IV to be served consecutively to the other Counts." *Akard*, 924 N.E.2d at 212.

■ On rehearing, Akard asserts that the upward 7(B) revision of his sentence violates the party presentation principle, which is a general rule that courts rely on the parties to frame the issues for decision and that the act of a court raising an issue *sua sponte* is normally reserved for situations requiring protection of *pro se* litigants rights. *See Greenlaw v. United States*, 554 U.S. 237, ——, 128 S.Ct. 2559, 2566, 171 L.Ed.2d 399 (2008). However, the issue of the appropriateness of Akard's sentence was not raised *sua sponte* but rather by Akard. Such an argument confuses the operation of the plain error doctrine, which was at the heart of the *Greenlaw* holding, and the independent appellate review of a sentence under Indiana Appellate Rule 7(B). By requesting a 7(B) review in light of *McCullough*, Akard had the opportunity to present his arguments in accordance with the 7(B) standard with the knowledge that *McCullough* permitted an appellate court to revise an aggregate sentence down or up. Such an argument for revision of a sentence downward is also an implicit argument against an upward revision. Akard was the party that presented the issue and laid the framework for the resulting decision.

■ Akard also contends there are other "pitfalls associated with the derogation of the principle of party presentation" in an upward revision under 7(B) that was not requested by the State. Petition for Rehearing at 3. The example presented is that parties could not address the "potential double jeopardy issues implicated by that revised sentence." *Id.* This argument evidences a miscomprehension of the mechanics of double jeopardy and 7(B) review of an aggregate sentence.

■ Double jeopardy is not an issue of sentencing error. Rather, it potentially arises at the moment judgments of conviction are entered. Akard contends that changing concurrent sentences to run consecutively can cause a double jeopardy violation. However, this is incorrect. "A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the 'practical effect' of concurrent sentences or by merger after conviction has been entered." *Gregory v.*

State, 885 N.E.2d 697, 703 (Ind.Ct.App. 2008), trans. denied. Thus, if there is a double jeopardy issue, counsel should raise it before the entry of judgments of conviction, and if not corrected by the trial court, it should be raised on direct appeal. Revision under 7(B) does not create double jeopardy. If such an issue remains at this point in a case, its source is the lack of diligence on the part of counsel to timely address the issue.

Double jeopardy, or any other issue that can be raised independently, is not germane to the independent appellate review of an aggregate sentence pursuant to Indiana Appellate Rule 7(B). "Ultimately[,] the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind.2008). The applicable standard of whether an aggregate sentence is "inappropriate in light of the nature of the offense and the character of the offender" is one which "leav[es] much to the unconstrained judgment of the appellate court." *Id.* at 1224. "And whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* The only constraint under 7(B) is the revision must be in the legal range set by the legislature. Here, the revised aggregate sentence of 118 years met this minimal requirement: the limitations of the sentencing range were the minimum of 20 years and a maximum of 296 years.

BAKER, C.J., and ROBB, J., concur.