ATTORNEY FOR APPELLANT
Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ann L. Goodwin
Deputy Attorney General

Joby D. Jerrells
Deputy Attorney General
Indianapolis, Indiana

AMICUS CURIAE
Indiana Public Defender
Council

Joel M. Schumm
IU School of Law-Indpls.

Larry Landis
Indiana Public Defender
Council
Indianapolis, Indiana

_____

## In the
## Indiana Supreme Court

_____

No. 79S02-1009-CR-478

JEFFREY E. AKARD,                                                    *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                                   *Appellee (Plaintiff below).*

_____

Appeal from the Tippecanoe Superior Court, No. 79D02-0810-FA-36
The Honorable Thomas H. Busch, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 79A02-0904-CR-345

_____

**December 9, 2010**

**Dickson, Justice.**

The defendant was convicted, following a jury trial, of three counts of Rape, two as Class A felonies and one as a Class B felony; three counts of Criminal Deviate Conduct, two as Class A felonies and one as a Class B felony; two counts of Criminal Confinement as Class B felonies; and two counts of Battery as Class C felonies. The trial court sentenced the defendant to an aggregate of ninety-three (93) years. The Court of Appeals affirmed the convictions but revised the aggregate sentence to one hundred eighteen (118) years. Akard v. State, 924 N.E.2d 202 (Ind.

Ct. App. 2010), *aff'd on reh'g*, 928 N.E.2d 623.  We granted transfer and now affirm the convictions and the sentence imposed by the trial court, but with minor corrections.

In his appeal, the defendant asserted three claims, alleging error (a) in the admission of pornographic materials; (b) in the admission of evidence of the defendant's silence after his arrest but before being read his rights;[1] and (c) in the inappropriate imposition of both enhanced and consecutive sentences.  We summarily affirm the decision of the Court of Appeals in all respects except as to its conclusion that the trial court's sentencing decision was inappropriate and required a substantial upward revision.

For a series of violent sexual crimes committed upon an adult woman over several hours, the State charged the defendant with ten criminal felony counts.  Following a three-day jury trial, the defendant was convicted of three counts of Rape, three counts of Criminal Deviate Conduct, two counts of Criminal Confinement, and two counts of Battery.  The statutory sentencing ranges for the offenses, in combination with the availability of ordering the sentences served consecutively or concurrently, supplied the trial court with an aggregate sentencing range of twenty (20) years to two hundred ninety-six (296) years.  Finding aggravating circumstances in the significant resulting harm, loss, or damage suffered by the victim; in the defendant's history of criminal or delinquent behavior; and in the seriousness of the crimes, and finding no mitigating factors, the trial court decided "to accept the State's recommended sentence." Appellant's App'x at 59. After assigning sentences for each count, the trial court ordered the sentences for each count within the group of like offenses (Counts I, II, and III charging rape; Counts IV, V, and VI charging Criminal Deviate Conduct; Counts VII and VIII charging Criminal Confinement; and Counts IX and X charging Battery) to be served concurrently but served consecutively to each of the other groups of offenses for a total aggregate sentence of ninety-three (93) years.

As noted by the Court of Appeals, the sentences imposed in some of the counts were in-

---

[1] In addition to asserting a fundamental error challenge to the admission of his post-arrest silence and insisting that he is not raising the issue of ineffective assistance of counsel under the Sixth Amendment, the defendant's direct appeal presents argument critical of his trial counsel's conduct.  The Court of Appeals did not address such criticism as claims of ineffective assistance of counsel, nor do we.

consistent with statute. Counts III and V, each Class A felonies, required a minimum sentence of twenty (20) years, Ind. Code § 35-50-2-4, but a twelve-year sentence was imposed. Count VIII, a Class B felony, required a minimum sentence of six (6) years, Ind. Code § 35-50-2-5, but a one-year sentence was imposed. Because of the trial court's grouping of similar offenses and its use of concurrent sentencing within the groups, however, these inconsistencies do not impact the resulting aggregate sentence. But as to Counts IX and X, Class C felony Battery, a minimum sentence of two (2) years was required for each, Ind. Code § 35-50-2-6, but a one-year sentence was imposed on each count. Correction of the errors in the two Battery sentences, and following the trial court's use of concurrent sentencing, results in a one-year increase in the aggregate sentence from ninety-three (93) to ninety-four (94) years. The defendant's sentences on these counts should be corrected accordingly.

Challenging the appropriateness of this sentence on appeal, the defendant argues that his prior criminal history was of conduct manifestly dissimilar and minor in comparison with the offenses for which he was convicted, and further, that it was inappropriate to impose both enhanced and consecutive sentences, thus requesting that "the sentences [] be revised to concurrent terms of imprisonment." Appellant's Br. at 15. Among its appellate responses to the defendant's request for sentence reduction, the State asserts, "Defendant's ninety-three year sentence is appropriate." Appellee's Br. at 17.

The authority of Indiana appellate courts to revise an otherwise proper criminal sentence imposed by a trial court is governed by the following rule: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). When a defendant requests appellate review and revision of a criminal sentence, an appellate court has the power to affirm, reduce, or increase the sentence. McCullough v. State, 900 N.E.2d 745, 750 (Ind. 2009).

Complying with the requirement that the trial court's decision is given due consideration, we note that the trial court engaged in considerable colloquy with counsel at the sentencing hearing. When the defendant instructed his counsel not to make an argument in response to the

3

State's sentencing request, the trial court explained:

> [I]t's my view as a neutral judicial officer my job is to listen to the arguments of counsel and to make a sentence within the range that's requested by counsel and not to be an advocate for either party. . . . So, essentially, by taking the tactic you are, you're waiving the opportunity to argue for a lower sentence than ninety-three years. . . . You may wish to consult with your attorney whether you want him to make an argument regarding sentencing. But if you don't then I'll proceed accordingly.

Appellant's App'x at 54–55. After the defendant persisted in his decision not to present argument and after further reflection upon and elaboration as to the aggravating circumstances, the trial court concluded, "I'm going to accept the State's recommended sentence. . . . I think that ninety-three years is an adequate sentence." *Id*. at 59.

The evidence of the offenses committed by the defendant amply illustrates not only the heinous nature of the offenses but also the despicable nature of the defendant's character. As summarized by the Court of Appeals, this case is "most unusual" because of the defendant's "demented purpose in attempting to satisfy his prurient interests in child bondage-style rape by performing similar acts on a homeless woman who possessed physical characteristics akin to those of a child." Akard, 924 N.E.2d at 211. "The violence and sinister mentality associated with an individual raping an adult is serious and disturbing. However, when these acts are premeditated, motivated and purposely carried out to satisfy an even more diabolical interest, the rape of an adult is indescribably more heinous." *Id.* at 212.

Although the defendant's raising of sentence reasonableness on appeal authorizes appellate consideration of whether the assigned sentence is inappropriately stern or lenient, we decline to increase the sentence here, particularly in the context of the State's request for no greater sentence at trial and its assertion on appeal that such is an appropriate sentence. These are strong indicators that the trial court sentence is not inappropriately lenient.

Giving due consideration to the trial court's decision, and in light of the nature of the offenses shown by the evidence and the lack of demonstrated virtuous character in the defendant, we decline to intervene in the trial court's determination of the appropriate sentence for the defendant in this case except for our ministerial correction of the sentence from ninety-three (93) to ninety-four (94) years as noted above.

4

Having summarily affirmed the decision of the Court of Appeals upon all issues except as to sentence reasonableness, we order correction of the sentences imposed on Counts III, V, VIII, IX, and X, as specified above, resulting in a modification to the aggregate sentence from ninety-three (93) to ninety-four (94) years. With respect to the defendant's challenge to the length of his sentence, we find that the aggregate sentence of ninety-four (94) years is appropriate. This cause is remanded for modification of judgment accordingly.

Shepard, C.J., and Sullivan, Rucker, and David, JJ., concur.