Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jan 29 2013, 9:06 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ZACHARY A. WITTE**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LANARD E. FOSTER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1207-CR-390 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1112-FD-1681

**January 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Lanard E. Foster punched and kicked his girlfriend in and around their vehicle while the couple's young children were present. Neighbors heard the children screaming, saw the physical attack, and called the police. The State charged Foster with class D felony domestic battery in the presence of a child under age sixteen and class D felony domestic battery with a prior domestic battery conviction. A jury found him guilty as charged, and the trial court sentenced him to concurrent three-year executed terms.

Foster appeals, claiming that his sentence is inappropriate in light of the nature of the offense and his character. Finding that he has failed to meet his burden of establishing that his sentence is inappropriate, we affirm.

**Facts and Procedural History**

Early on December 9, 2011, Foster and his girlfriend Latoya Lovett had an argument outside Foster's father's Fort Wayne residence, while two of the couple's children sat in the car, watching. The children, ages two and five, began crying and screaming as they observed their father punching their mother in the face and kicking her in the head. At one point, Lovett sprayed mace at Foster. As Foster continued to punch Lovett and the children continued to scream, the neighbors took notice and called the police.

When the police arrived, Foster fled into the house and locked the door. Police observed Lovett, who was crying and had a bloody lip. When she confirmed that the man who had run inside was the perpetrator, they attempted to enter the house. Foster then ran

out the back door and through the yard, jumped the fence, and hid under a neighbor's deck. Police apprehended him and took him into custody.

The State charged Foster with class D felony domestic battery in the presence of a child under age sixteen and class D felony domestic battery by a person with a prior domestic battery conviction. Foster was on parole when he committed the offenses and stipulated to a prior domestic battery conviction. A jury found him guilty as charged, and the trial court sentenced him to concurrent three-year terms. Foster now appeals his sentence. Additional facts will be provided as necessary.

**Discussion and Decision**

Foster asks us to review and revise his sentence under Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm, reduce, or increase the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218; *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Anglemyer*, 868 N.E.2d at 494. Foster was sentenced to concurrent three-year terms for his two class D felony domestic battery convictions, each of which carries a sentencing range of six months to three years, with a one and one-half-year advisory term. Ind. Code § 35-50-2-7. Although the present attack did not involve a life-threatening level of violence, it caused injury to Lovett and was traumatic enough to alarm the neighbors who heard the children's screams. When the police approached the scene, Foster attempted to evade capture by fleeing through the house, jumping a fence, and hiding under a neighbor's deck. Simply put, his offenses were neither innocuous nor victimless.

Moreover, Foster's extensive criminal history and noncompliance with the terms of his parole bespeak an extremely unsavory character. By age twenty-five, he had accumulated six misdemeanor convictions and five prior felony convictions, including prior convictions for escape and domestic battery. He has been in and out of the criminal justice system and was on parole when he committed the instant offenses. After he attacked Lovett, he attempted to persuade a neighbor to lie to police by downplaying her account of what she saw and heard.

Foster cites undue hardship to his children as a basis for revising his three-year aggregate sentence. Although we are mindful of the general societal benefit of a father's presence in his children's lives, we are also mindful of the detriment to children whose father chooses to batter their mother right before their eyes. Simply put, Foster's pattern of

4

disregard for the law and abuse of the leniency previously afforded him, together with his openly abusive treatment of his children's mother, indicates a persistent failure to learn from his mistakes. We conclude that Foster has failed to meet his burden of demonstrating that his sentence is inappropriate.[1]  Accordingly, we affirm.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.

---

[1] Notably, Foster's counsel failed to include a copy of the presentence investigation report as required by Indiana Appellate Rule 50(B).