**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 29 2013, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JENNIFER A. JOAS**
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLY COOTS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  15A05-1203-CR-155 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause No. 15C01-1104-FC-31

**January 29, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this case, the appellant, Kelly Coots, received the maximum sentence of three years for committing the offense of Theft,[1] a class D felony.[2] Coots had stolen a substantial amount of cash from her employer. Coots argues that the sentence was inappropriate in light of the nature of the offense and her character. Thus, she contends that we must revise her sentence pursuant to Indiana Appellate Rule 7(B).[3]

Prior to Coots's arrest for the current offense, she had amassed eight prior felony convictions and one misdemeanor conviction in three years. Coots is a substance abuser, she was on probation when she committed the instant offense, and there were two active probation violation warrants and outstanding warrants in two other states for her arrest. Given these circumstances, Coots has failed to show that the sentence is inappropriate. Thus, we affirm the judgment of the trial court.

FACTS

Sometime during the morning of December 28, 2010, an employee of the Cricket Phone Store (Cricket) in Aurora arrived to open the business and discovered that the cash bag in a metal filing cabinet was empty. The store owner reviewed a surveillance video and observed that on December 24, 2010, at approximately 6:20 p.m., Coots—who was employed at Cricket—disabled the alarm and unlocked the front door. Coots entered the store, approached the metal filing cabinet, unlocked it, and opened the bottom drawer

---

[1] Ind. Code § 35-43-4-2(a).

[2] Indiana Code section 35-50-2-7 provides for a sentence of between six months and three years, with an advisory term of one-and-one-half years for a class D felony.

[3] Coots "seeks any revised sentence this Court finds to be appropriate." Appellant's Br. p. 12.

2

where the money was kept. Coots then exited the back door of the store and reactivated the alarm system.

Thereafter, Officer William Halbig of the Aurora Police Department interviewed Coots. She initially told him that she had returned to the store to get a phone charger. However, Coots later told Officer Halbig that she went to the store to get her paycheck stubs. Coots agreed to take a polygraph test. Following the examination, Coots was told that her responses were untruthful regarding the theft at Cricket. Coots then confessed to stealing "about $460" from the file cabinet in the store. Appellant's App. p. 100.

The State charged Coots with Count I, class C felony burglary, and Count II, class D felony theft. Coots and the State entered into a plea agreement, which provided that Coots would plead guilty to theft in exchange for the dismissal of the burglary charge. The plea agreement left it within the trial court's discretion to decide the sentence.

The trial court accepted the plea agreement and conducted a sentencing hearing on March 8, 2012. The trial court heard Coots's testimony regarding her history of substance abuse and the programs she had been attending while in prison to address her drug problems. The trial court also heard Coots's testimony concerning her work with the Dearborn County Special Crimes Unit.

The State pointed out that Coots had amassed eight prior felony convictions and one misdemeanor conviction in approximately three years. The majority of the convictions were for theft, fraud, and forgery. Coots also had two active probation

violation warrants and warrants for other cases that were pending in Ohio and Kentucky. Coots was also on probation in Indiana when she committed the instant offenses.

At the conclusion of the hearing, the trial court found Coots's criminal history to be a significant aggravating circumstance. It was also determined that Coots's history of drug abuse and her guilty plea and assistance to the State were mitigating circumstances. However, the trial court assigned minimal weight to those factors and sentenced Coots to three years of incarceration, the maximum sentence for a class D felony. It also entered an agreed judgment of restitution against Coots in Cricket's favor in the amount of $950. Coots now appeals, claiming that the sentence was inappropriate in light of the nature of the offense and her character.

DISCUSSION AND DECISION

In addressing Coots's challenge to the propriety of the sentence, we may revise a sentence if, "after due consideration of the trial court's decision," we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B). Although Rule 7(B) does not require us to be "very deferential" to a trial court's sentencing decision, we still give due consideration to that decision. Akard v. State, 937 N.E.2d 811, 813 (Ind. 2010).

Our Supreme Court has observed that the unique perspective that a trial court brings to its sentencing decisions should be understood and recognized. Williams v. State, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Thus, the burden is on the defendant to persuade us that the sentence is inappropriate. Childress v. State, 848 N.E.2d 1073,1080

4

(Ind. 2006). A defendant who seeks revision of a sentence must prove that the sentence is inappropriate in light of both the nature of the offense and his or her character. Williams, 891 N.E.2d at 633.

As for the nature of the offense, it was established that Coots stole cash from her employer. Appellant's App. p. 45-46. And this offense was the latest in a long line of thefts and crimes of dishonesty that Coots had committed over a three-year period. Id. at 89-92. Moreover, it is apparent that Coots's offense was well-planned and executed. Coots knew how to deactivate the burglar alarm and where the money was kept. Id. at 76. In short, Coots's nature of the offense argument avails her of nothing.

As for Coots's character, the record shows that between September 2008 and the time that the instant offense was committed, Coots had eight felony convictions and one misdemeanor conviction. Appellant's App. p. 49, 89-92. Coots's theft conviction in this case amounted to her ninth felony conviction. Id. The majority of Coots's convictions were for theft, fraud, forgery, and other crimes of dishonesty. Id. Coots committed these crimes in Indiana, Ohio, and Kentucky, and she had outstanding arrest warrants for other pending cases and probation violations when she committed the instant offense. Id. at 89-92.

Coots's criminal history demonstrates that she has no respect for the law or for the property of others. Coots has continued to reoffend, and it is apparent that she has learned nothing from her frequent contacts with the criminal justice system. Although Coots blames her criminal history on her drug abuse, she has had several opportunities to

address this problem but has failed to do so. For instance, after Coots was released from prison in May 2010, she resumed her prior lifestyle of committing crimes and abusing drugs. Tr. p. 13-14. In light of these circumstances, we conclude that Coots has failed to show that her sentence is inappropriate in light of the nature of the offense and her character.

The judgment of the trial court is affirmed.

RILEY, J., and BARNES, J., concur.