**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 17 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY D. STONEBRAKER**
Clark County Chief Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KATHERINE CERVANTES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A04-1301-CR-19 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Daniel E. Moore, Judge
Cause No. 10C01-1111-FB-187

**September 17, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Katherine Cervantes drank alcohol with her young teenage children and their friends during a gathering at her house. She then engaged in fondling and sexual intercourse with one of the guests, fourteen-year-old K.J. She pled guilty to class C felony sexual misconduct with a minor and class A misdemeanor contributing to the delinquency of a minor. In exchange, the State agreed to dismiss a class B felony sexual misconduct count. The trial court sentenced her to a five-year aggregate term.

Cervantes now appeals, challenging the appropriateness of her sentence. Finding that she has failed to meet her burden of establishing that her sentence is inappropriate in light of the nature of the offense and her character, we affirm.

**Facts and Procedural History**

In the fall of 2011, thirty-two-year-old Cervantes was living with her husband and her three children, ages fifteen, thirteen, and eleven. She was taking antidepressants and pain medication in addition to diabetes medicine. On October 21, 2011, Cervantes, her children, and her children's friends were drinking alcohol at her house. Around midnight, the inebriated Cervantes fondled and had sexual intercourse with fourteen-year-old K.J., one of the alcohol-imbibing guests. Cervantes's husband walked in and found her having intercourse with K.J.

K.J. subsequently suffered severe emotional issues and substance addiction for which he underwent extensive and expensive therapy. He was terminated from school, had to be home-schooled, and at one point attempted suicide. Eventually, his family had to relocate.

2

The State charged Cervantes with class B felony sexual misconduct with a minor, class C felony sexual misconduct with a minor, and class A misdemeanor contributing to the delinquency of a minor. Cervantes filed a plea agreement, which the trial court rejected. She filed a second plea agreement, pursuant to which she would plead guilty to the class C felony and class A misdemeanor counts in exchange for the State's agreement to dismiss the class B felony count. The agreement provided for a fixed one-year concurrent term for the class A misdemeanor count, and sentencing on the class C felony count was left to the trial court's discretion. The trial court held a hearing and accepted Cervantes's second plea agreement.

Following a hearing, the trial court sentenced Cervantes to five years for the class C felony conviction, with the final six months authorized to be served on work release, all to run concurrent with the fixed one-year term for the class A misdemeanor conviction. The trial court cited as aggravating factors the harm, injury, loss, or damage suffered by the victim and that the circumstances significantly exceeded the elements necessary to prove the offense. The trial court also noted the age difference between Cervantes and her victim and found that as an adult, she "should have known better." Appellant's App. at 67. The trial court specifically found no mitigating circumstances. Cervantes now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Cervantes requests that we review and revise her sentence under Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate

3

in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of her sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). Our review focuses on the aggregate sentence rather than on the number of counts, whether they are to be served concurrently or consecutively, or the length of sentence on an individual count. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that her sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218; *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Anglemyer*, 868 N.E.2d at 494. Cervantes was sentenced to a five-year term for her class C felony conviction, which carries a four-year advisory term. Ind. Code § 35-50-2-6.[1] In her plea agreement, she agreed to give the trial court discretion to sentence her within the two to eight years prescribed in the statute.

---

[1] Cervantes also pled guilty to class A misdemeanor contributing to the delinquency of a minor. Because she agreed via a plea agreement to a fixed one-year concurrent term for that offense, she cannot and does not challenge that aspect of her sentence in this appeal.

4

In support of her argument that her offense does not warrant a five-year sentence, Cervantes speculates concerning information that was *not* presented during the sentencing proceedings rather than citing evidence that was presented during the proceedings below. For example, she claims that if the offense had involved any "sordid details," "force[,] or threats," the State certainly would have brought those to the trial court's attention during sentencing. Appellant's Br. at 7, 11.[2] Likewise, in claiming that the trial court overemphasized the negative impact of her offense on her underage victim, she cites his and his mother's absence from the sentencing hearing as well as their failure to object to some of the sentencing provisions in her first plea agreement. *Id.* at 11-14. With respect to her previous plea agreement, we note that the trial court rejected that plea agreement and that its terms are not the subject of this appeal.[3] With respect to K.J.'s and his mother's failure to attend the sentencing hearing, we note that this did not result in a vacuum of victim impact information, since the presentence investigation report contains a segment describing victim impact. Appellant's App. at 83-84. We also note testimony from victim's advocate Carmen Croudep indicating that K.J.'s mother did not feel comfortable with him attending the hearing based on his emotional issues stemming from the incident. Tr. at 50-51.

---

[2] Cervantes pled guilty to class C felony sexual misconduct with a minor. Force is not an element of this offense. Ind. Code § 35-42-4-9(a)(1).

[3] Notwithstanding, we note that the presentence investigation report repeatedly states that K.J.'s mother was not in agreement with the first plea agreement because she thought that Cervantes's executed time should be spent in prison and not in a community corrections program. Appellant's App. at 83, 85, 117.

The record before us shows that Cervantes, a thirty-two-year-old mother of three young teens, became intoxicated in her home while providing alcohol to her children and their friends. She then engaged in sexual intercourse with one of her children's fourteen-year-old guests. She pled guilty to the class C felony count (involving fondling), and in exchange, the State dismissed the class B felony count (involving sexual intercourse and carrying a six-to-twenty-year sentencing range). She received a substantial benefit from her plea agreement in the form of the dismissal of the class B felony count, especially given her admission that she committed the more egregious act (sexual intercourse) necessary to convict her of the class B felony version of the offense. As a result of her offense, K.J. has suffered serious, ongoing emotional problems and even attempted to commit suicide. He also developed substance addictions that require expensive treatment and resulted in his termination from school and the eventual relocation of his family. Simply put, Cervantes's conduct caused significant and protracted upheaval in the lives of her victim and his family.

With respect to the "character of the offender," Cervantes attempts to portray herself as a homemaker, wife, and mother who merely made a poor decision in mixing alcohol with diabetes medicine, pain pills, and antidepressants. Her tearful apology during sentencing focused on her use of alcohol, with no mention of the sex crime that she committed against her young victim: "I know I made the wrong judgment in drinking and I just want to apologize and I wanted to say how truly sorry I am." Tr. at 60. Additionally, as a mother of children around the same age as her victim, Cervantes should have understood the importance of providing a safe gathering place for teens. Instead of protecting each child

6

who was present in her home, she caused her own children and their guests to commit the delinquent act of drinking alcohol, and she engaged in sex with one of their guests. She violated not only K.J.'s trust, but also the trust of her own children, K.J.'s family, the other children present, and the families of the other children. In admitting that her husband walked in and found her having intercourse with K.J., she essentially acknowledged a breach of marital trust. In this vein, we acknowledge her family's letters pleading for leniency based on forgiveness, but we also emphasize that forgiveness within personal relationships does not compel a pardon from the legal consequences flowing from a person's criminal offenses.

Finally, during the guilty plea hearing, Cervantes was evasive and misleading regarding the facts surrounding the offense. For example, she first stated that she was fully clothed during the incident and gave the impression that there had only been fondling on top of the clothing. Then, when counsel and the trial court asked her for clarification, she admitted to lying about it and conceded that she wore only a shirt and engaged in sexual intercourse with K.J. When confronted with the inconsistencies in her testimony, she reverted to the familiar refrain of being too drunk to remember much of what happened. The trial court finally admonished her, "Tell me any other detail because we're going to have a hearing on this and I'm going to be deciding the sentence for you and if I'm finding that you're lying to me this isn't going to help you." Tr. at 29. In short, Cervantes not only broke trust with those in her charge at the time of her offense, but she also proved herself untrustworthy during court proceedings. Her character simply does not warrant a reduction of her sentence.

Based on the foregoing, we find that Cervantes has failed to meet her burden of demonstrating that her five-year sentence is inappropriate. Accordingly, we affirm.

Affirmed.

BARNES, J., and PYLE, J., concur.