## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 08 2015, 7:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy McCool, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 8, 2015 <br><br> Court of Appeals Case No. <br> 15A05-1505-CR-331 <br><br> Appeal from the Dearborn Circuit Court <br><br> The Honorable Kimberly A. Schmaltz, Magistrate <br><br> Trial Court Cause No. <br> 15C01-1411-F4-59 |

**Crone, Judge.**

# Case Summary

Jeremy McCool appeals his twelve-year sentence for level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"). He asserts that the trial court improperly considered his lack of remorse as an aggravating factor and that his sentence is inappropriate in light of the nature of the offense and his character. Finding that the trial court acted within its discretion in its treatment of his lack of remorse and that he has failed to establish that his sentence is inappropriate, we affirm.

# Facts and Procedural History

In 2009, McCool was convicted of class B felony rape with force or imminent threat of force. His sentence included executed time followed by probation. After his September 2014 release, he met with his probation officer to discuss the conditions of his probation, which included home visits as well as a prohibition against his use or possession of firearms.

In November 2014, his probation officer and two other officers visited McCool's home, which he shared with his wife Kathy ("Wife"), his mother-in-law, and about ten other members of Wife's family. When the officers entered the house, they saw McCool and Wife walking toward their bedroom. Wife was carrying a box containing shotgun ammunition and magazines for a rifle. When McCool's probation officer asked him whether there were firearms in the house, Wife indicated that there was a firearm in the closet between the couple's bedroom and the kitchen. A search of the closet produced a .22 rifle

and a BB gun. During a search of the couple's bedroom, the officers found a shotgun and another rifle underneath the comforter on the bed. Prior to the officers' visit, the firearms had been in a glass-front gun cabinet inside McCool and Wife's bedroom, where they had been stored since McCool moved into the house two months before.

[4] After the officers' visit, Wife's family members took the firearms to an uncle's house in Ohio. A few days later, police determined that McCool was an SVF based on his previous rape conviction. As such, his possession of firearms amounted not only to a probation violation but also to a new criminal offense: unlawful possession of a firearm by an SVF. Police drove to Ohio and took possession of the firearms from Wife's uncle.

[5] The State charged McCool with level 4 felony unlawful possession of a firearm by an SVF. A jury convicted him as charged. In sentencing him to the maximum twelve-year term, the trial court found as aggravating factors his lack of remorse and extensive criminal history.

[6] McCool appeals, challenging only his sentence. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in its treatment of McCool's lack of remorse as an aggravating factor.

[7] McCool maintains that the trial court improperly considered his lack of remorse as an aggravating factor during sentencing. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Sloan v. State*, 16 N.E.3d 1018, 1026 (Ind. Ct. App. 2014). One of the ways that a court might abuse its discretion is by listing reasons for its sentence that are improper as a matter of law. *Anglemyer*, 868 N.E.2d at 490-91.

[8] McCool submits that as a matter of law the trial court improperly designated his lack of remorse as an aggravator. A trial court may consider as an aggravator the defendant's lack of remorse, exhibited "when he displays disdain or recalcitrance, the equivalent of 'I don't care.'" *Sloan*, 16 N.E.3d at 1027 (quoting *Cox v. State*, 780 N.E.2d 1150, 1158 (Ind. Ct. App. 2002)). However, a court may not consider as an aggravator lack of remorse by a defendant "consistently maintaining his innocence if the defendant does so in good faith." *Id.*

[9]     McCool asserts that his steadfast claim of innocence throughout the proceedings is antithetical to a show of remorse. However, recorded jailhouse phone conversations admitted during trial contradict his assertion that he maintained his innocence *in good faith*. In one such conversation with Wife shortly after his arrest, McCool related to her a proposed narrative in which the two would aver that he never touched the firearms or was even present in the bedroom where the officers found the firearms. State's Ex. 17. He twice emphasized to Wife, "You/We gotta stick with that story …. You hear me?" *Id*. When Wife recited the narrative back to McCool and protested, "They [the firearms] were in there and you were in there," he became agitated and admonished her to state that she was the only one who possessed the firearms. *Id*. In another recorded conversation, McCool lamented to Wife, "That's my fingerprints are on 'em [the firearms]." State's Ex. 18. Wife proposed that she testify, "I grabbed 'em out [of the gun cabinet] and handed 'em to you … I guess." *Id*. When Wife began to exhibit frustration, McCool retorted, "Well, it's gonna go to court and we need to have our stories straight." *Id*.

[10]    These conversations, together with the fact that the officers found two of the firearms hidden in the couple's bed covers, indicate that McCool's assertions of innocence were not made in good faith. Thus, his lack of remorse could properly be considered as an aggravator, and we find no abuse of discretion in the trial court's treatment of this factor.

# Section 2 – McCool has failed to establish that his sentence is inappropriate in light of the nature of the offense and his character.

[11] McCool asks that we reduce his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer*, 868 N.E.2d at 490.

[12] In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Id.* at 494. McCool was convicted of level 4 felony unlawful possession of a firearm by an SVF, which carries a sentencing range of two to twelve years, with a six-year advisory sentence. Ind. Code § 35-50-2-5.5. He characterizes his offense as relatively innocuous and complains that it did not merit the maximum sentence of twelve years. He emphasizes that the firearms belonged to his deceased father-in-law and were present on the premises when he moved there.

In other words, he did not pursue the firearms; the firearms found him. In this vein, we note the following: the offense for which McCool was convicted requires evidence of *possession*, not ownership, of a firearm; McCool lived at the residence with multiple firearms for nearly two months; the firearms were stored in his bedroom; officers found the shotgun and one of the rifles hidden underneath the comforter on his bed; he and Wife were in possession of a box of ammunition when the officers entered the home for the probation check; and his firearm possession was prohibited not only because of his SVF status but also because it amounted to a probation violation. Simply put, the nature of McCool's offense supports a lengthy sentence.

[13] Even so, we note that McCool's particular offense is based on his status as an SVF. This means that an analysis of the nature of the offense cannot focus solely on the circumstances surrounding the offender's commission of it or the motive behind his procurement of the firearm; rather, it necessitates a close look at *who* is possessing the firearm. We therefore turn our analysis to McCool's character.

[14] McCool characterizes himself as a "simple man" who struggles from attention deficit disorder and a lack of education, who did not proactively pursue the firearms he possessed, and who "struggled to understand" the "nuances of constructive possession law" and the criminal implications of the presence of firearms in his home. Appellant's Br. at 5, 9, 13. The recorded phone conversations belie these assertions, clearly showing that McCool knew he was breaking the law and attempted to concoct a false narrative. Moreover, this

"simple man" is a violent sex offender, having been convicted of class B felony rape with force or imminent threat of force. His assertion that there was "no threat to society due to the presence of guns in his home" is puzzling if not audacious. *Id*. at 12.

Finally, McCool's lengthy criminal record reflects a pattern of convictions and probation violations. His juvenile record includes adjudications for vandalism and underage drinking. In addition to his felony rape conviction, his adult history includes misdemeanor convictions for intimidation, harassment, criminal recklessness, operating while intoxicated with endangerment, and repeat public intoxication and driving while suspended convictions. He asks for grace in sentencing, yet his five probation violations and four revocations (to date) reveal his abject failure to respond to lenient treatment. In short, McCool has failed to establish that his sentence is inappropriate in light of the nature of the offense and his character. Accordingly, we affirm.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.