

**FILED**

Oct 19 2016, 8:38 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward A. Holt, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 19, 2016 <br><br> Court of Appeals Case No. <br> 40A04-1601-CR-192 <br><br> Appeal from the Jennings Circuit Court <br><br> The Honorable Jon W. Webster, Judge <br><br> Trial Court Cause No. <br> 40C01-1104-FA-193 |

**Pyle, Judge.**

# Statement of the Case

Edward A. Holt, Jr., ("Holt") appeals his sentence imposed after his guilty plea to two counts of Class C felony child molesting.[1]  On appeal, he asks us to find that his four year sentence was inappropriate and to reduce or suspend it accordingly.  In response, the State requests that we also find Holt's sentence inappropriate but that we increase it to six years for each conviction.  Because we do not find that Holt's sentence was inappropriate, we affirm.

We affirm.

# Issue

Whether Holt's sentence was inappropriate.

# Facts

On October 27, 2015, Holt pled guilty to two counts of Class C felony child molesting for molesting the two children of his former girlfriend—a five-year-old boy, A.G., and his six-year-old sister, S.U.  As the factual basis for his guilty plea, Holt admitted that between January 2010 and February 2011 he had let the children fondle him.  Holt's plea agreement did not place a cap on the sentence to be imposed, but it provided that he would serve concurrent

---

[1] IND. CODE § 35-42-4-3.  We note that the legislature has since amended the child molesting statute, and Holt's offenses would now be considered Level 4 felonies.  However, we will apply the version of the statute in effect at the time of Holt's offenses.

sentences for each count. The State also agreed to not make a recommendation as to his sentence.

[4] Subsequently, on December 29, 2015, the trial court held a sentencing hearing. After reviewing Holt's pre-sentence investigation report ("PSI") and questioning him briefly, the trial court found the following aggravators: (1) Holt, who was twenty-nine at the time of the hearing, had a prior juvenile delinquency adjudication for a sex crime, child molest; (2) Holt had a prior misdemeanor conviction for invasion of privacy and a probation revocation; and (3) Holt did not have a high school diploma or GED. The trial court also found the following mitigators: (1) Holt had been gainfully employed for most of his adult life; (2) Holt had pled guilty; and (3) other than Holt's juvenile adjudication, his criminal history was not significant. The trial court then sentenced Holt to concurrent four (4) year executed terms at the Department of Correction. Holt now appeals.

## Decision

[5] On appeal, Holt argues that his sentence was inappropriate in light of the nature of his offense and his character and requests that we revise or suspend it under Indiana Appellate Rule 7(B). In response, the State argues that we should instead increase Holt's sentence for each of his convictions to six (6) years.

[6] While sentencing decisions rest within the sound discretion of the trial court, a reviewing court may revise a sentence pursuant to Appellate Rule 7(B) if, "after due consideration of the trial court's decision," it finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007); *Childress v. State*, 848 N.E.2d 1073, 1079-80 (Ind. 2006) (citing Ind. App. R. 7(B)). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[7] We first address the State's request to increase Holt's sentence. Our power to review and revise a sentence includes the ability to reduce or increase the sentence imposed by the trial court. *McCullough v. State*, 900 N.E.2d 745, 750 (Ind. 2009). The State may not request an increase to a defendant's sentence on cross-appeal, but it may request such an increase in its Appellee's Brief if a defendant requests "appellate review and revision of a criminal sentence" on appeal. *Id.*

[8] In assessing whether the State's request in this case has merit, we consider our supreme court's decision in *Akard v. State*, 937 N.E.2d 811 (Ind. 2010). In that case, our supreme court reversed this Court's decision to raise a defendant's sentence of ninety-three (93) years to an aggregate sentence of 118 years under Appellate Rule 7(B). *Akard*, 937 N.E.2d at 813. The supreme court's decision was based on the fact that the prosecutor in *Akard* had requested a sentence "no greater" than 93 years at sentencing and that the State had asserted that the sentence of 93 years was appropriate on appeal. *Id.* at 814. The supreme court concluded that both of those factors were "strong indicators that the trial

court['s] sentence [was] not inappropriately lenient." *Id.* Analogously to *Akard*, the State here agreed not to make a sentencing recommendation at sentencing, thereby implicitly indicating that it would agree with the trial court's sentencing determination. As a result, we will not increase the sentence imposed in this case.

[9] Next, we address Holt's request for a reduced sentence. In assessing whether his sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Id.* at 1081. At the time of Holt's offense, the sentencing range for a Class C felony was between two (2) and eight (8) years with an advisory sentence of four (4) years. I.C. § 35-50-2-6 (2011). Holt therefore received the advisory sentence on both of his convictions.

[10] First, Holt argues that the advisory sentence was inappropriate with respect to the nature of his offenses because there was nothing that placed his offenses outside of the normal sentencing considerations for a Class C felony. We agree, but we note that the trial court's sentence already reflected the fact that nothing about Holt's offenses were unusual for Class C felonies. The trial court sentenced Holt to the advisory sentence—the "starting point the Legislature . . . selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Holt has not persuaded us that the nature of his offense warrants a reduction of that sentence.

[11] As for his character, Holt asks us to consider the fact that, while he does have a prior misdemeanor for invasion of privacy, "this charge was due to continuing (or restarting) a romantic relationship with a willing partner while a protective order regarding her children was still in place." (Holt's Br. 9). Also, he notes that he was assessed as having an overall low risk to reoffend; that he has been employed for the last four years; that he expressed his remorse at the sentencing hearing; and that he indicated his desire to enter into sex offender counseling and treatment.

[12] Contrary to Holt's contentions, his criminal history is serious. The PSI and police report revealed that Holt had been adjudicated a juvenile delinquent when he was fifteen years old for what would have been Class B felony child molesting if he had been charged as an adult.[2] That adjudication was based on Holt's confession that he had anally penetrated two six-year-old boys. In addition, Holt's prior misdemeanor conviction for invasion of privacy was based on his violation of a protective order the trial court had entered prohibiting him from having contact with the same children who were the

---

[2] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and INDIANA CODE § 35–38–1–13, the PSI Report must be excluded from public access. However, in this case, Holt has raised a sentencing issue, and the information contained in the PSI Report is "essential to the resolution" of Holt's claim. Admin. Rule 9(G)(7)(a)(ii)(c) (providing that a court record normally excluded from public access may be accessible if it is "essential to the resolution of litigation"). Accordingly, we have included such information in this decision only to the extent necessary to resolve the appeal.

victims in this case. The PSI revealed that Holt violated this protective order in both 2010 and 2011 by living with his former girlfriend and the victims.[3]

[13] In addition to serving as the basis for his misdemeanor conviction, Holt's disregard of the protective order against him demonstrates his refusal to obey court orders. The PSI also revealed other evidence of Holt's disregard of the court's orders. Specifically, it noted that Holt was on probation for his invasion of privacy conviction when he committed the current offenses and that he drove himself to the Probation Department for an interview even though his license was suspended. In light of these actions, it is clear that Holt has a complete lack of respect for the court and the law.

[14] Finally, with regard to Holt's argument that his sentence was inappropriate because he desires to enter into sex offender counseling and treatment, we note that Holt received a year of sex offender counseling and treatment after his juvenile child molesting offense. This counseling and treatment apparently did not prevent his re-offense. We are not convinced that his desire to enter into such treatment again should have any bearing on this sentence.

[15] In light of the nature of Holt's offenses and his character, we cannot agree with him that his sentence was inappropriate and warrants a reduction in his

---

[3] As the protective order was apparently in effect in 2010 and 2011 and Holt was also charged with the instant offenses based on his actions in 2010 and 2011, it is apparent that he committed the current child molestations while the protective order was in effect.

sentence. As we have also determined that we will not increase his sentence, we affirm the trial court.

[16] Affirmed.


Altice, J., concurs.

Bradford, dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Edward A. Holt, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 19, 2016<br>Court of Appeals Case No.<br>40A04-1601-CR-192<br>Appeal from the Jennings Circuit Court<br>The Honorable Jon W. Webster, Judge<br>Trial Court Cause No.<br>40C01-1104-FA-193 |

**Bradford, Judge, dissenting.**

[17] Because I disagree with the majority's conclusion that a four-year sentence was not inappropriate in light of the nature of Holt's offenses and his character, I respectfully dissent. Holt was charged with four counts of child molesting, two as Class A felonies, and two as Class C felonies. The advisory sentence for a Class A felony is thirty years, the maximum sentence being fifty years and the minimum sentence being twenty years. The advisory sentence for a Class C felony is four years, the maximum sentence being eight years and the minimum sentence being two years. Altogether, Holt was looking at a possible sentence of one hundred and sixteen years for his most recent crimes against two young

children. Furthermore, Holt willfully violated a protective order which barred him from having the contact with the victims when he continued to date their mother and live with them.

[18] Moreover, Holt has a history of delinquent behavior that is not insignificant and should not be overlooked. Holt has committed other sex crimes in the past against children. When Holt was fifteen years old, he admitted to anally penetrating two six-year-old boys. Had Holt been an adult, he could have been charged with two Class A felonies and possibly sentenced to one hundred years. Instead, Holt spent one year in the Indiana Boys School.

[19] Under Indiana Appellate Rule 7(B), we can revise a sentence if, "after due consideration of the trial court's decision," we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The sentence can either be increased or decreased depending on the facts and circumstances of the case. *McCullough v. State*, 900 N.E.2d 745, 750 (Ind. 2009). While we are not in the habit of increasing sentences, we retain that power and can use it in cases when we feel that a sentence is inappropriately lenient. In *Akard v. State*, 937 N.E.2d 811 (Ind. 2010), the Indiana Supreme Court reversed the Court of Appeals decision to increase a sentence which had been recommended by the State. In the present case, the State did not make a sentence recommendation to the trial court per a plea agreement.

[20] The only limitation in the plea agreement was that the sentences would run concurrently. Beyond that limitation, the trial court was free to make its own determination regarding the length of the sentence. On appeal, the State has asked that the sentence be increased. I consider this request to be a suggestion, not a limitation on our power to review the appropriateness of the sentence. Consequently, due to the age of the victims and nature of his offenses, I see no basis for leniency. I would therefore invoke this court's authority to revise Holt's sentence upward to eight years for each conviction. Due to the requirements of the plea agreement, these sentences would be run concurrently. For this reason, I respectfully dissent.