BRADFORD, Judge,
dissenting.
[17] Because I disagree with the majority’s conclusion that a four-year sentence was not inappropriate in light of the nature of Holt’s offenses and his character, I respectfully dissent. Holt was charged with four counts of child molesting, two as Class A felonies, and two as Class C felonies. The advisory sentence for a Class A *467 felony is thirty years, the maximum sentence being fifty years and the minimum sentence being twenty years. The advisory sentence for a Class C felony is four years, the maximum sentence being eight years and the minimum sentence being two years. Altogether, Holt was looking at a possible sentence of one hundred and sixteen years for his most recent crimes against two young children.. Furthermore, Holt willfully violated a. protective order which barred him from having the contact with the victims when he continued to date their mother and live with them.
[18] Moreover, Holt has a history of delinquent behavior that is not insignificant and should not be overlooked. Holt has committed other sex crimes in the past against children, When Holt was fifteen years old, he admitted.to anally.penetrating two six-year-old boys. Had Holt been an adult, he could have been charged with two Class A felonies and possibly sentenced to one hundred years. Instead, Holt spent one year in the Indiana Boys School.
[19] Under Indiana Appellate Rule 7(B), we can revise a sentence if, “after due consideration of the trial , court’s decision,” we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The sentence can either be increased or decreased depending on the facts and circumstances of the case. McCullough v. State, 900 N.E.2d 745, 750 (Ind.2009). While we are not in the habit of increasing sentences, we retain that power and can use it in cases when we feel that a sentence is inappropriately lenient. In Akard v. State, 937 N.E.2d 811 (Ind.2010), the Indiana Supreme Court reversed the Court of Appeals decision to increase a sentence which had been recommended by the State. In the present case, the State did not make a sentence recommendation to the trial court per a plea agreement.
[20] The only limitation in the plea agreement was that the sentences would run concurrently. Beyond that limitation, the trial court was free to make its own determination regarding the length of the sentence. On appeal, the State has asked that the sentence be increased. I consider this request to be a suggestion, not a limitation on our power to review the appropriateness of the sentence. Consequently, due to the age of the victims and nature of his offenses, I see no basis for leniency. I would therefore invoke this court’s authority to revise Holt’s sentence upward to eight years for each conviction. Due to the requirements of the plea agreement, these sentences would be run concurrently. For this reason, I respectfully dissent.