## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 08 2018, 10:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lamarr Rondell Coleman,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 8, 2018

Court of Appeals Case No.
49A05-1706-CR-1202

Appeal from the Marion Superior Court

The Honorable Mark D. Stoner, Judge

The Honorable Jeffrey Marchal, Magistrate

Trial Court Cause No.
49G06-1608-F3-30309

**Altice, Judge.**

## Case Summary

Lamarr Coleman appeals the sentence imposed following his conviction for Level 3 felony robbery. On appeal, Coleman argues that his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## Facts & Procedural History

On the evening of August 2, 2016, Coleman and his friend, Paul Shipp, robbed an Indianapolis liquor store. While Shipp beat the store clerk with his fists and a wooden board, Coleman put money from the cash register and two bottles of whiskey into a bag. Police arrived on the scene while the robbery was still in progress, and Coleman and Shipp were both taken into custody.

As a result of these events, the State charged Coleman with Level 3 felony robbery. Following a jury trial, Coleman was found guilty as charged. The trial court sentenced Coleman to the nine-year advisory sentence, with three years executed on community corrections and the remaining six years suspended to probation. Coleman now appeals.

## Discussion & Decision

Coleman argues that his sentence is inappropriately harsh. Article 7, section 4 of the Indiana Constitution grants our Supreme Court the power to review and revise criminal sentences. *See Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014),

*cert. denied*, 135 S.Ct. 978 (2015). Pursuant to Ind. Appellate Rule 7, the Supreme Court authorized this court to perform the same task. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Per App. R. 7(B), we may revise a sentence "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Inman v. State*, 4 N.E.3d 190, 203 (Ind. 2014) (quoting App. R. 7). "Sentencing review under Appellate Rule 7(B) is very deferential to the trial court." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The determination of whether we regard a sentence as inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013) (quoting *Cardwell*, 895 N.E.2d at 1224). Moreover, "[t]he principal role of such review is to attempt to leaven the outliers." *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). It is not our goal in this endeavor to achieve the perceived "correct" sentence in each case. *Knapp*, 9 N.E.3d at 1292. Accordingly, "the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather,

the question is whether the sentence imposed is *inappropriate.*" *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original).

[7] In order to assess the appropriateness of a sentence, we first look to the statutory range established for the classification of the relevant offense. Coleman was convicted of a Level 3 felony, the sentencing range for which is three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5. Because the advisory sentence is the starting point the legislature has chosen as appropriate for the crime committed, a defendant who has received the advisory sentence bears a particularly heavy burden in persuading us that his sentence is inappropriate. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied.* In this case, Coleman not only received the advisory sentence of nine years, but three years were ordered to be served on community corrections and the remaining six years were suspended to probation.

[8] With respect to the nature of the offense, Coleman argues that he did not personally inflict any of the injuries on the store clerk and that the crime was not premeditated. With respect to his character, Coleman notes that he is disabled and collects SSI and food stamps, that he has only a ninth grade education and has difficulty reading and writing, and that he began drinking at a young age and had been drinking on the day of the offense. It is unclear to us how these observations reflect positively on his character. In any event, we note that Coleman received a very lenient sentence, particularly in light of his criminal history, which spans nearly thirty years and includes four felonies, numerous misdemeanors, and two probation violations. Coleman's nine-year

sentence, with three years executed on community corrections and six years suspended to probation, is not inappropriate.[1]

[9] Judgment affirmed.

[10] May, J. and Vaidik, C.J., concur.

---

[1] Although the State remarks that Coleman's sentence is inappropriate in that it is too lenient, it does not seek an upward revision of the sentence. *See Akard v. State*, 937 N.E.2d 811, 814 (Ind. 2010) (declining to increase a sentence where the State did not request it).