Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 12 2014, 10:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN L. GRANNAN**
Special Public Defender
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENDRA D. PHILLIPS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 10A01-1310-CR-446 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Vicki L. Carmichael, Judge
Cause No. 10C04-1206-FC-133

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Kendra D. Phillips appeals her six-year executed sentence for class C felony neglect of a dependent causing bodily injury. Finding that she has failed to meet her burden of establishing that her sentence is inappropriate in light of the nature of the offense and her character, we affirm.

**Facts and Procedural History**

On May 4, 2012, Scott Woods hired Phillips to babysit his two-year-old daughter C.W. at Phillips's home. Phillips had babysat C.W. numerous times in the past, at the behest of the child's mother (Woods's ex-wife). Around 9:30 p.m., Woods returned to Phillips's house to retrieve C.W., who ran out of the house. When he lifted the child into his vehicle, she began to cry. Upon a closer look, he observed bruising from the top of her left eye to the bottom of her cheek. He turned on the interior lights and saw a hand-shaped mark on C.W.'s face. When he asked the child what happened, she said, "[Phillips] slapped me for peeing in my diaper." Tr. at 27.

Meanwhile, Phillips had come outside and approached the vehicle. Woods asked her if she had slapped C.W., and a heated exchange ensued. Woods phoned the police, who arrived shortly thereafter. Phillips underwent a portable breath test, which registered at .26. Woods took C.W. to the hospital, where the emergency room personnel examined her and found contusions and hand-shaped bruises on her face, buttocks, and thighs.

On June 5, 2012, the State charged Phillips with class C felony neglect of a dependent resulting in bodily injury, two counts of class D felony neglect of a dependent, class D felony

battery, and class B misdemeanor public intoxication. Phillips sought and was granted pretrial placement in a community corrections program with daily reporting. In August 2013, the State filed a petition to revoke Phillips's pretrial community corrections placement. One week before her scheduled trial date, Phillips entered a plea agreement pursuant to which she pled guilty to class C felony neglect of a dependent with bodily injury in exchange for dismissal of the four remaining counts. The sentence was left open, subject to a six-year cap on the executed portion.

At sentencing, the trial court found Phillips's lack of prior convictions to be the sole mitigating factor. The court identified three aggravating factors—the victim's age, the position of trust and care, and the harm suffered by the victim—and sentenced Phillips to a six-year executed term. Phillips now appeals her sentence. Additional facts will be provided as necessary.

### Discussion and Decision

Phillips asks that we reduce her sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of her sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876

N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that her sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. "A defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness." *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J., concurring).

In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Anglemyer*, 868 N.E.2d at 494. While Phillips repeatedly characterizes her six-year executed sentence as the maximum allowable term, we note that she is correct only to the extent that her plea agreement contained a six-year cap. Her sentence is two years below the maximum allowable term for a class C felony. *See* Ind. Code § 35-50-2-6(a) (2005) (stating that a person who commits a class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years.").

Phillips pled guilty to class C felony neglect of a dependent. Indiana Code Section 35-46-1-4 (2012) states in pertinent part, "A person having the care of a dependent, whether assumed voluntarily or because of a legal obligation, who knowingly or intentionally … places the dependent in a situation that endangers the dependent's life or health … commits neglect of a dependent, … a Class C felony if it … results in bodily injury." Indiana Code Section 35-46-1-1 defines "dependent" as "an unemancipated person who is under eighteen

(18) years of age."

Here, Phillips's two-year-old victim was significantly younger than the threshold required for the offense. C.W. told her father that Phillips struck her because she had peed in her diaper. This behavior was simply a normal occurrence for an untrained two-year-old, who presumably wears a diaper for that very purpose. However, Phillips reacted by forcefully and repeatedly striking the toddler, leaving hand-shaped bruises on her face, buttocks, and thighs. The bruises took a month to heal. C.W.'s hospital emergency room chart describes her facial injury as "a baseball size bruise with dark red marks over her left cheek bone, under [patient's] left eye as well." State's Ex. 1. The chart further lists her injuries as contusions to the face and thighs and describes the bruising as "4 fingered patterned bruising" to the face and posterior thigh and "2 fingered pattern" to the lateral thigh below the hip. *Id*. "All patterns are that of open human hand." *Id*. Phillips did not merely place C.W. in danger in a passive, inattentive way; rather, she was the active source of the danger. Simply put, she has failed to persuade us that the nature of her offense merits a shorter sentence.

With respect to Phillips's character, we first note that she was acting as C.W.'s babysitter when she committed the offense. As such, she was in a position of trust. Because she routinely babysat for C.W., there was an established relationship between the caregiver and the child. While Phillips was entrusted with the care of a toddler, she made a decision to consume alcohol. She became so inebriated that shortly after the assault, her portable breath test registered at .26. Essentially, she punished a two-year-old for doing what two-year-olds

5

do. She added injury to insult by striking C.W. so vigorously as to leave her imprint on the toddler's face and body. Her attempts to downplay C.W.'s injuries are both unbecoming and unconvincing.

Likewise, we are unpersuaded by Phillips's apology and guilty plea and find them more indicative of pragmatism than remorse. In exchange for her guilty plea, she received a significant benefit in the form of dismissal of the four remaining charges against her. Moreover, she pled guilty one week before her scheduled trial date and only after the State had filed a petition to revoke her pretrial community corrections placement for noncompliance. While she correctly points out that none of her previous arrests have resulted in a conviction, she nevertheless has failed to demonstrate that her character merits a shorter sentence. Accordingly, we affirm.

Affirmed.

MATHIAS, J., concurs.

RILEY, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

KENDRA D. PHILLIPS,                    )
                                       )
    Appellant-Defendant,           )
                                       )
        vs.                    )    No. 10A01-1310-CR-446
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.            )

**RILEY, Judge, dissenting**

I respectfully disagree with the majority's decision to affirm the trial court's imposition of a six year sentence. Here, pursuant to the terms of her plea agreement, Phillips pled guilty to a Class C felony neglect of a dependent in exchange for "open" sentencing "subject to a six-year cap in the executed portion." Slip Op. p. 3.

Without disregarding the severity of the incident, I would revise Phillips' sentence to four years executed, the advisory sentence for a Class C felony. *See* I.C. § 35-50-2-6(a). Despite the fact that Phillips has been arrested before, none of these arrests ever resulted in convictions, thus presenting this court with a non-existent criminal history. *See Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005) (A record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and may not be properly considered as evidence of criminal history). Furthermore, although characterized by the

7

majority as "pragmatism," Phillips' remorse and apology cannot have been easy. *See* Slip Op. p. 6. She was forced to recognize her mistake while faced with the child and the child's father during the sentencing hearing. Based on these factors, I would lower her sentence to the advisory sentence for a Class C felony.