## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 09 2015, 5:34 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald. E.C. Leicht<br>Kokomo, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Christina D. Pace<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ivan R. Embry,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 9, 2015<br><br>Court of Appeals Case No.<br>34A05-1507-CR-1038<br><br>Appeal from the Howard Superior Court<br><br>The Honorable George A. Hopkins, Judge<br><br>Trial Court Cause No.<br>34D04-1502-F3-11 |

**Crone, Judge.**

# Case Summary

[1] Ivan R. Embry appeals his aggregate sixteen-year sentence, entered after he pled guilty to level 3 felony armed robbery and level 4 felony unlawful possession of a firearm by a serious violent felon ("SVF"). He asserts that the executed portion of his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

[2] In 2012, Embry was convicted of battery with serious bodily injury on a victim less than fourteen years old. On the basis of this conviction, he was designated an SVF. In January 2015, Embry entered a bank in Kokomo and approached a teller. He handed her a note that read, "shut the f**k up and give me the money." Appellant's App. at 10. Immediately thereafter, he pointed a handgun at her and handed her a bag to put the money in. She gave Embry the bag of money, and he left the scene. Police apprehended Embry soon after and found him in possession of a loaded handgun and a large sum of cash. Officers took him to the bank, where he was positively identified as the perpetrator.

[3] The State charged Embry with level 3 felony robbery by force or threat of force while armed, level 4 felony unlawful possession of a firearm by an SVF, and level 6 felony pointing a firearm. Embry entered into a plea agreement whereby he pled guilty to the robbery and SVF counts in exchange for the State's dismissal of the pointing a firearm count. With respect to sentencing, the agreement called for concurrent sixteen- and eight-year terms for robbery and

unlawful possession by an SVF respectively. Regarding the sixteen-year term for robbery, the agreement capped the executed portion of the term at twelve years.

[4] At sentencing, the trial court cited as aggravators Embry's extensive criminal record and the fact that he was on probation for at least one violent offense at the time he committed the armed robbery. The court found the sole mitigator to be Embry's guilty plea and, pursuant to the plea agreement, sentenced him to sixteen- and eight-year concurrent terms. The trial court ordered twelve years to be executed and the remainder suspended to supervised probation.

[5] Embry now appeals his sentence. Additional facts will be provided as necessary.

## Discussion and Decision

[6] Embry asks that we reduce the executed portion of his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community

corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[7] Embry's plea agreement set his aggregate sentence at sixteen years and capped the executed portion at twelve years. The trial court set the executed portion at twelve years, and Embry maintains that this amounted to an inappropriate sentence. To the extent that he seems to argue in favor of suspension of all of his remaining term, we note that because he has a prior unrelated felony conviction, Indiana Code Section 35-50-2-2.2(b) limits the portion of his sentence that is eligible for suspension to that in excess of the three-year minimum for his level 3 felony.[1]

[8] In his brief, Embry fails to develop an argument concerning the nature of his offenses. Instead, he simply admits that he "makes no attempt to diminish the seriousness of the crime for which he took full responsibility." Appellant's Br.

---

[1] Embry pled guilty to a level 3 felony, which carries a sentencing range of three to sixteen years, with a nine-year advisory sentence, and a level 4 felony, which carries a sentencing range of two to twelve years, with a six-year advisory sentence. Ind. Code §§ 35-50-2-5 and 35-50-2-5.5.

at 6. Notwithstanding, the circumstances surrounding Embry's offenses show that he approached a bank teller, handed her a threatening note demanding cash, and pointed a handgun at her at close range. In so doing, he not only placed her in imminent danger of death or serious bodily injury, but he also created an alarming and dangerous situation for others inside the bank. His conduct was confrontational and brazen. In short, the executed portion of his sentence is not inappropriate based on the nature of his offenses.

[9] As for his character, Embry focuses his argument on his mental illness. In this vein, we believe that mental illness is less a reflection of character than a condition to be treated. Embry was diagnosed with bipolar disorder at age four and has been in and out of treatment for nearly a quarter century. He disparages the criminal justice system and cites the lack of productivity in "[w]arehousing in prison people with diagnosed mental health issues." *Id*. However, he admits that he received treatment during his stints in prison and tended to relapse when released, self-medicating with street drugs and doing "foolish" things. Tr. at 23. While we are mindful of the importance of addressing the unique needs of inmates who suffer from mental disorders, we are unpersuaded by Embry's assertion that his mental health would be better served by probation rather than executed time.

[10] That said, we emphasize that Embry has been in and out of the system for the majority of his life, having launched his criminal career at age thirteen. His juvenile history includes two adjudications for possession of alcohol by a minor, one for truancy, and four probation violations. His adult history includes three

misdemeanor convictions and three felony convictions, most of which were drug- or alcohol-related. He was designated an SVF based on his class B felony conviction for battery resulting in serious bodily injury to a victim under age fourteen. Knowing that his SVF status prohibited his even possessing a firearm, he nevertheless chose to use one to commit armed bank robbery, all while serving probation in two different counties. Simply put, Embry's numerous probation failures belie his claims that he should be granted leniency in the form of a reduced executed sentence. Based on the foregoing, we conclude that he has failed to meet his burden of establishing that his sentence is inappropriate in light of the nature of the offenses and his character. Consequently, we affirm.

[11] Affirmed.

Vaidik, C.J., and Bailey, J., concur.