## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 24 2016, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David A. Swift,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 24, 2016

Court of Appeals Case No.
03A01-1509-CR-1456

Appeal from the Bartholomew Superior Court

The Honorable James D. Worton, Judge

Trial Court Cause No.
03D01-1504-F4-2096

**Crone, Judge.**

# Case Summary

[1] David A. Swift challenges the sufficiency of evidence supporting his conviction for level 4 felony dealing in methamphetamine ("meth"). He also asserts that his sentence is inappropriate in light of the nature of the offense and his character. We affirm both his conviction and his sentence.

# Facts and Procedural History

[2] The evidence most favorable to the verdict is as follows. Late one night in October 2014, Columbus Police Department Narcotics Detectives Joshua McCrary and Jeremy Coomes were contacted by a confidential informant ("the CI") about a possible purchase of meth from Swift in a controlled buy. The detectives met the CI in a parking lot near Swift's apartment. They strip-searched the CI and searched his vehicle immediately before the sale, inventorying the contents. No contraband was found. The detectives equipped the CI with electronic monitoring equipment and an audio recording device. They gave him $250 in previously photocopied bills and instructed him to purchase an "eight ball," or one-eighth of an ounce, of meth.

[3] The detectives followed the CI to Swift's apartment, parked at a safe distance, and watched as the CI approached and entered the apartment. Via their monitoring equipment, the detectives listened as the CI and Swift talked. Swift weighed the meth on a scale and gave it to the CI, who gave him $250 in exchange. During the controlled buy, the audio recording picked up the sounds

of a small child, later determined to be Swift's three-year-old daughter, who was present in the room.

[4] When the CI exited Swift's apartment, the detectives followed closely behind him to a nearby restaurant parking lot, where the CI relinquished the meth rock that he had purchased from Swift. The detectives again searched the CI's person and vehicle and found no contraband or change in inventory since their previous searches. The detectives submitted the meth rock to the Indiana State Police Laboratory, where it was confirmed to contain meth and have a net weight of 3.39 grams.

[5] The State charged Swift with level 4 felony dealing in methamphetamine. A jury found him guilty as charged. The trial court sentenced him to ten years, with eight executed to the Department of Correction ("DOC") and two suspended to probation. The court found the aggravating circumstances to include Swift's extensive criminal history, probation violations, and failures to successfully complete drug and alcohol treatment programs. During the sentencing hearing, the trial court noted that it was bothered by the presence of Swift's young daughter during the drug deal. The trial court specifically found no mitigating circumstances.

[6] Swift now appeals his conviction and sentence. Additional facts will be provided as necessary.

# Discussion and Decision

## Section 1 – The evidence is sufficient to support Swift's conviction.

[7] Swift maintains that the evidence is insufficient to support his conviction for dealing in methamphetamine. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. It is therefore not necessary that the evidence "overcome every reasonable hypothesis of innocence." *Id*. (citation omitted).

[8] A jury convicted Swift of level 4 felony dealing in methamphetamine. "A person who … knowingly or intentionally … delivers … methamphetamine, pure or adulterated … commits dealing in methamphetamine …. a Level 4 felony if the amount of the drug involved is at least one (1) gram but less than five (5) grams." Ind. Code § 35-48-4-1.1(a)(1)(C), -(c)(1).

[9] At trial, the audio recording of the controlled buy was admitted into evidence. Among other information, the recording captured Swift's request to his girlfriend to get a scale followed by the terms "two-fifty" and "three-fours." State's Ex. 1. *See also* Tr. at 49, 68 ("three-fours" refers to gram equivalent of an "eight ball"). The detectives testified concerning their use of the audio

recording equipment as well as their observations of the CI and searches of his person and vehicle. The CI testified that while he was inside Swift's apartment, Swift weighed an "eight ball" of meth and gave it to the CI in exchange for $250.

[10] Swift essentially asks that we reweigh evidence and give credence to one of his two versions of the events. On the one hand, he claims that the recording actually captured a transaction in which the CI sold him marijuana and a gold necklace for forty-five dollars. Tr. at 150-51. On the other hand, he asserts that "two-fifty" refers to two dollars and fifty cents, which he allegedly gave to the CI in partial repayment of a ten-dollar debt, and that "three-fours" was a reference to the serial numbers on the dollar bills. Tr. at 149, 152, 159-60. Notably, the detectives' searches of the CI produced nothing to substantiate either claim. More importantly, we remind Swift that we may not invade the jury's province by reweighing evidence or judging witness credibility. We must decline his invitation to do so. The evidence most favorable to the verdict is sufficient to support Swift's conviction.

## Section 2 – Swift has failed to demonstrate that his ten-year sentence is inappropriate.

[11] Swift asks that we reduce his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his

sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[12] In considering the nature of a defendant's offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Anglemyer*, 868 N.E.2d at 494. Swift was sentenced to ten years pursuant to Indiana Code Section 35-50-2-5.5, which states that the sentencing range for a person convicted of a level 4 felony is two to twelve years, with an advisory term of six years. Although he correctly points out that the drug deal itself did not cause or threaten serious harm to any person or property,[1] the legislature designated the level of his offense based on the quantity of the drug sold, not on

---

[1] To the extent that Swift now raises this as an allegedly overlooked mitigator, we emphasize that abuse of discretion and Rule 7(B) revision are separate analyses. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Swift has conflated these analyses in his brief. With respect to the nonviolent nature of his offense, he neither advanced this alleged mitigator for consideration at sentencing nor raised it here as an issue separate from his Rule 7(B) claim. Thus, he has waived this as a separate issue for our consideration, and we address the nonviolent nature of the offense only as it pertains to our Rule 7(B) analysis. *Anglemyer*, 875 N.E.2d at 220 (Ind. 2007) (recognizing that except in certain circumstances involving guilty pleas, defendant is precluded from advancing mitigators for first time on appeal), *opinion on reh'g*. Similarly, waiver applies to Swift's overlooked mitigator claim concerning the "victim" inducing or facilitating his offense. Appellant's Br. at 8. Even so, we emphasize that a court may impose any sentence that is authorized by statute and permissible under the Indiana Constitution regardless of the presence or absence of aggravating or mitigating circumstances. Ind. Code § 35-38-1-7.1(d).

the presence or absence of violence. We note, however, that the audio recording of the drug deal indicates that Swift conducted the sale in the presence of his three-year-old daughter, which was properly a cause for the trial court's concern.

As for Swift's character, his extensive criminal history includes convictions for violent offenses, including felony strangulation and misdemeanor domestic battery. He has numerous other misdemeanor convictions as well as probation violations, no-contact orders, and failures to appear for legal proceedings and drug and alcohol treatment. The presentence investigation report, to which he specifically directed the trial court's attention, includes an entry indicating pending felony charges against him for dealing in narcotics, carrying a handgun with a prior felony conviction, and possession of an altered handgun. Appellant's App. at 120; Tr. at 300. Simply put, for over a decade, Swift has repeatedly broken the law. He committed the present offense in the presence of his three-year-old daughter. His chronic failure to respond positively to leniency when offered does not bode well for his future success with sentencing alternatives outside the DOC. He has failed to demonstrate that his ten-year sentence is inappropriate. Consequently, we affirm.

Affirmed.

Najam, J., and Robb, J., concur.