## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 24 2016, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Calvin Wayne Howard, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 24, 2016

Court of Appeals Case No.
45A05-1512-CR-2360

Appeal from the Lake Superior Court

The Honorable Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-1505-FC-8

**Crone, Judge.**

# Case Summary

[1] Calvin Wayne Howard, Jr. challenges the appropriateness of his nine-year sentence imposed by the trial court following his guilty plea to class C felony battery, level 5 felony stalking, and class D felony theft. Finding that he has failed to meet his burden of establishing that his sentence is inappropriate in light of the nature of the offenses and his character, we affirm.

# Facts and Procedural History

[2] In June 2014, Howard was at the home of his ex-girlfriend Sharonne Haley. When Haley received a text message from a male friend, she left the room and Howard followed. He struck her repeatedly in the face with a closed fist, causing extreme swelling and bruising to both of her eyes. She blacked out and suffered contusions on the front and back of her head. On his way out of the house, Howard stole $180 from a box on top of Haley's refrigerator.

[3] Shortly thereafter, Haley obtained a protective order against Howard from the Lake County Superior Court, effective July 1, 2014 through April 30, 2015. She also obtained a no-contact order from the Gary City Court, which Howard violated, and which resulted in a one-year sentence for invasion of privacy, half of which was to be served in the Lake County Jail. He phoned Haley repeatedly from the jail in violation of the protective and no-contact orders. In all, Howard left Haley approximately thirty voicemail messages, numerous cards, and multiple text messages in which he threatened her and her children, warned that he was watching her, and threatened to burn down or blow up her

house. He also made in-person contact with her at least once during the prohibited time.

[4] The State charged Howard with class C felony battery resulting in serious bodily injury, two counts of level 5 felony stalking, level 6 felony stalking, class D felony theft, class A misdemeanor battery, and class B misdemeanor harassment. On the day of trial, Howard pled guilty as charged. The trial court established a factual basis for each offense, convicted him as charged, merged four of the counts, and entered judgment on the class C felony battery, level 5 felony stalking, and class D felony theft. The court subsequently imposed concurrent five- and two-year sentences on the battery and theft convictions, to run consecutive to a four-year term for stalking, for an aggregate sentence of nine years. Howard was to serve seven and one-half years in the Department of Correction ("DOC") and one and one-half years in community corrections.

[5] Howard now challenges the appropriateness of his sentence. Additional facts will be provided as necessary.

## Discussion and Decision

[6] Howard asks that we reduce his nine-year sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence.

*Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[7] In considering the nature of the offenses, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Id*. at 494. Howard pled guilty to class C felony battery, which carries a sentencing range of two to eight years with a four-year advisory term; level 5 felony stalking, which carries a sentencing range of one to six years with a three-year advisory term; and class D felony theft, which carries a sentencing range of six months to three years with a one and one-half year advisory term. Ind. Code §§ 35-50-2-6, -7. His aggregate nine-year term is well below the seventeen-year maximum aggregate sentence exposure and only two years above the aggregate advisory terms for the three offenses. When determining the appropriateness of a sentence that deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the

defendant that "makes it different from the typical offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

[8] Here, Howard characterizes his offenses, particularly the theft offense, as merely typical in nature. We disagree. The record shows that he committed the theft while he was inside Haley's house, right after he had battered her so severely that she blacked out. *See* Tr. at 97 ("THE COURT: [Y]ou knocked her out and took some money from her, right? [Howard:] Yes."). The violent circumstances immediately preceding the theft are similar to those characteristic to the offense of robbery. Moreover, the threat did not end after the battery and theft. Howard continued to stalk, intimidate, and threaten Haley and her children, all in disregard of the protective and no-contact orders in effect during the ensuing months and even when incarcerated for his previous violations of those orders. He called her so many times from the phone at the jail that she asked the prosecutor to have him blocked from calling her number. Simply put, Howard's offenses are more egregious than the typical offenses for which the legislature set the advisory terms. As such, we conclude that he has failed to carry his burden of demonstrating that his sentence, two years above the aggregate advisory term, is inappropriate based on the nature of his offenses.

[9] As for his character, Howard cites his decision to plead guilty, his apology to Haley, and his limited criminal history as favorable circumstances. We review a defendant's character by engaging in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on*

*reh'g*, 11 N.E.3d 571. First, with respect to Howard's guilty plea, we agree with the trial court that his decision to plead guilty merits mitigating consideration in that he conferred a benefit on the State and saved taxpayers the expense of a full-blown trial. *See Francis v. State*, 817 N.E.2d 235, 237-38 (Ind. 2004) (recognizing that defendant's guilty plea extends a benefit to the State and victims by avoiding a full-blown trial). Even so, here, Howard had declined the State's previous plea offer and did not make his request for a change of plea until the day of trial. In fact, the record shows that the jury was ready to walk into the courtroom for trial when Howard indicated his intent to change his plea. In short, the benefit conferred by his guilty plea was minimized due to its last-minute timing.

[10] Similarly, Howard emphasizes his apology to Haley in open court as evidence of his strong character and willingness to take responsibility. However, his in-court apology is laced with accusations toward his victim and insinuations about the trial court's motives:

> I want to apologize to the victim but you know, the Court making me look like I'm the biggest monster, but all the time I was provoked …. Like I say, I was provoked. I ain't the biggest monster like the Court's trying to put me out to be, you know? …. [I]t was not just me doing everything, that's why I made the phone calls. I just wanted to call and just make a bunch of threatening phone calls to her for just no reason. I said I was provoked, this isn't just a one-way thing. But I apologize to the victim, that's all I can say …. But I'm the one that's sitting here doing time and I'm a little crazy while she's out there just partying and doing whatever she wants to do …. So Your Honor, I apologize to the victim and I apologize to the Court for you

know, for wasting y'all time because I know everybody got important stuff to do, and I'm asking, you know, could I do Work Release time?

Tr. at 95-98. Simply put, Howard's apology does not reflect a full acceptance of responsibility but rather, a pragmatic, yet inartfully stated, attempt to garner leniency.

[11] With respect to Howard's criminal history, we agree that it is neither extensive nor violent. His juvenile record includes true findings for what would have been class A misdemeanor intimidation and class B misdemeanor criminal mischief if committed by an adult, with one probation failure. His adult record includes convictions for class C misdemeanor criminal conversion and class A misdemeanor trafficking with an inmate. What we find much more disturbing is his general disrespect for the law, as evidenced by his numerous, knowing violations of the protective and no-contact orders. Even when he was incarcerated at the county jail for invasion of privacy based on these violations, he continued to disregard the orders by repeatedly calling Haley from the jail's phone.

[12] Moreover, the trial court found Howard to be "threatening and vindictive … [with] anger issues. Appellant's App. at 69. The record confirms this assessment, as the trial court had to admonish him more than once during sentencing for his deflections of blame and disparagement of those present in the courtroom. In short, Howard has not shown that his nine-year aggregate sentence is unwarranted based upon his character. Accordingly, he has failed

to meet his burden of demonstrating that the sentence imposed by the trial court is inappropriate. Therefore, we affirm.

[13] Affirmed.

Najam, J., and Robb, J., concur.