## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2017, 6:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark Bailey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | December 22, 2017<br><br>Court of Appeals Case No.<br>33A05-1705-CR-1174<br><br>Appeal from the Henry Circuit Court<br><br>The Honorable Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1608-F6-271 |

**Crone, Judge.**

# Case Summary

[1] Mark Bailey pled guilty to level 6 felony resisting law enforcement, class A misdemeanor driving while suspended, and a habitual offender count. He appeals his six-year aggregate sentence, claiming that the trial court failed to consider his guilty plea as a mitigating circumstance. He also asserts that his sentence is inappropriate in light of the nature of the offenses and his character. Finding that the trial court acted within its discretion in its treatment of Bailey's guilty plea and concluding that Bailey has failed to meet his burden of demonstrating that his sentence is inappropriate, we affirm.

# Facts and Procedural History

[2] On August 5, 2016, a Henry County Sheriff's Department deputy attempted to perform a traffic stop on a vehicle driven by Bailey. As the deputy exited his patrol car, Bailey sped off. After a high-speed chase, Bailey crashed the vehicle he was driving. The deputy discovered that the vehicle had been listed as stolen and that Bailey was driving on a suspended license.

[3] The State charged Bailey with level 6 felony auto theft, level 6 felony resisting law enforcement, class A misdemeanor driving while suspended, class C misdemeanor reckless driving, and nine infractions for the traffic offenses of disregarding a lighted signal, failure to signal for turn or lane change, and speeding. The State later amended the charging information to add a habitual offender count.

[4] On the morning of his jury trial, the State moved to dismiss the auto theft charge. Bailey then pled guilty to level 6 felony resisting law enforcement, class A misdemeanor driving while suspended, and being a habitual offender, and the State dismissed all remaining counts. At sentencing, the trial court identified as aggravating circumstances Bailey's lengthy criminal history and repeated violations of probation and parole. The court did not identify Bailey's guilty plea as a mitigating circumstance, noting that he waited until the day of trial to plead guilty. The court sentenced Bailey to a two-year term for resisting law enforcement, with one year suspended to probation, a four-year executed term for his habitual offender enhancement, and a one-year suspension of his driver's license for his driving while suspended conviction.

[5] Bailey now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

### Section 1 – The trial court acted within its discretion in its treatment of Bailey's guilty plea during sentencing.

[6] Bailey challenges the trial court's treatment of his guilty plea during sentencing. Sentencing decisions rest within the sound discretion of the trial court, and as long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be

drawn therefrom. *Sloan v. State*, 16 N.E.3d 1018, 1026 (Ind. Ct. App. 2014). A trial court may abuse its discretion if the sentencing statement omits mitigating factors that are clearly supported by the record and advanced for consideration. *Anglemyer*, 868 N.E.2d at 490-91.

[7] Bailey specifically contends that the trial court abused its discretion by declining to identify his guilty plea as a mitigating circumstance. The trial court is not obligated to accept the defendant's argument concerning what constitutes a mitigating factor. *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*. Moreover, if the trial court does not find the existence of a mitigator after it has been argued by counsel, the court is not obligated to explain why it found the circumstance not to be mitigating. *Anglemyer*, 868 N.E.2d at 493.

[8] Here, Bailey advanced his guilty plea for consideration as a mitigating circumstance. The trial court considered the plea and the circumstances surrounding it and simply did not find it to be mitigating. Despite its lack of obligation to do so, the court explained its decision as follows:

> I do recall Mr. Bailey we were here for Jury Trial. The Jury was literally outside that door with the Bailiff. The closed door and she was looking through the window when you folks decided to enter those guilty pleas so uh I don't find that as a mitigating circumstance. Might have been a mitigating circumstance if it'd have [sic] taken place three or four months before but when the jury is waiting right out there ready to come in I, I don't buy or accept the fact when somebody says I manned up. That's not manning up when the Jury is right there ready to come in, ok.

Tr. Vol. 2 at 26.

[9] In short, the trial court did not overlook a mitigator clearly supported by the record and advanced for consideration. The fact that Bailey disagrees with the court's conclusion regarding the effect of his guilty plea on his sentence does not create an abuse of discretion on the court's part. *See Healey*, 969 N.E.2d at 616. The trial court acted within its discretion in its treatment of Bailey's guilty plea.

## Section 2 – Bailey has failed to meet his burden of demonstrating that his sentence is inappropriate in light of the nature of the offenses and his character.

[10] Bailey asks that we review and revise his sentence pursuant to Indiana Appellate Rule 7(B), which states that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [this] Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When a defendant requests appellate review and revision of his sentence, we have the power to affirm or reduce the sentence. *Akard v. State*, 937 N.E.2d 811, 813 (Ind. 2010). In conducting our review, we may consider all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). We do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather,

the test is whether the sentence is "inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). A defendant bears the burden of persuading this Court that his sentence meets the inappropriateness standard. *Anglemyer*, 868 N.E.2d at 490.

[11] In considering the nature of Bailey's offenses, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence." *Id.* at 494. When determining the appropriateness of a sentence that deviates from an advisory sentence, we consider whether there is anything more or less egregious about the offense as committed by the defendant that "makes it different from the typical offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011).

[12] Bailey pled guilty to one level 6 felony, one class A misdemeanor, and a habitual offender count. The sentencing range for a level 6 felony is six months to two and one-half years, with a one-year advisory term. Ind. Code § 35-50-2-7(b). A class A misdemeanor carries a sentence of not more than one year. Ind. Code § 35-50-3-2. A habitual offender finding for a defendant convicted of a level 6 felony mandates a nonsuspendible, fixed additional term of two to six years. Ind. Code § 35-50-2-8(i)(2).

[13] We find Bailey's resistance of law enforcement offense to be more egregious than a typical offense, such as when a defendant refuses to pull over, flees on foot, or wiggles out of handcuffs. Bailey sped away during the traffic stop and precipitated a high-speed chase. In so doing, he endangered himself, law

enforcement officers, and other drivers and pedestrians who might have been in his path. He did all this while operating on a suspended license, for which he received an additional one-year suspension of his driver's license. His elevated two-year term for his level 6 felony comprised one year executed and one suspended to probation. As for his habitual offender finding, which accounts for the majority of his aggregate six-year sentence, the court appears to have split the difference in the statutory sentencing range, which could be deemed lenient, since the record indicates that he has a previous habitual offender finding. The nature of Bailey's offenses does not merit a shorter term.

[14] Similarly, Bailey's character does not militate toward a shorter sentence. We conduct our review of his character by engaging in a broad consideration of his qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571. The presentence investigation report shows Bailey to be a career criminal whose offenses span two decades, six different Indiana counties, and Ohio, where he was convicted of breaking and entering, theft, and receiving stolen property. His felony record includes three robbery convictions, multiple convictions for theft, auto theft, and receiving stolen property, and one conviction each for cocaine possession, resisting law enforcement, and attempted fraud. His misdemeanor record includes convictions for check deception, possession of paraphernalia, criminal trespass, driving while suspended, and criminal conversion. Bailey's record is peppered with probation and parole violations/revocations, which indicates that previous attempts at leniency have failed. Even so, the trial court built leniency into his

current sentence by suspending one year of his level 6 felony sentence. Bailey admitted that he has been a regular user of cocaine for nearly two decades and that most of his criminal conduct has been related to his drug habit. Though we acknowledge his solid community service record and recent completion of a substance abuse program, he simply has not demonstrated that his character merits a reduced sentence.

[15] Simply put, Bailey has failed to meet his burden of showing that his sentence is inappropriate in light of the nature of the offenses and his character. Accordingly, we affirm.

[16] Affirmed.

Robb, J., and Bradford, J., concur.